IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRISELDA C. DELBOSQUE, | ) | |
| ID # 32699-177, | ) | |
| Movant, | ) | No. 3:07-CV-1389-M (BH) |
| vs. | ) | No. 3:04-CR-0252-M (01) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge her federal conviction and sentence in Cause No. 3:04-CR-0252-M. The respondent is the United States of America (Government).

**B. Factual and Procedural History**

On August 3, 2004, movant was indicted for conspiracy to possess with intent to distribute a controlled substance. In October 2004, she appeared before the Court for her initial appearance with retained counsel Michelle Barbare. On February 11, 2005, attorney Larry Finstrom filed a motion on movant's behalf to determine counsel because movant had retained him and requested that Ms. Barbare withdraw as counsel. After a hearing on February 17, 2005, the Court substituted

Mr. Finstrom as attorney of record for movant.

In May 2005, movant entered into a plea agreement whereby she would plead guilty to the conspiracy charge against her. On June 15, 2005, movant pled guilty at a rearraignment hearing held before the District Judge. On February 2, 2006, the Court entered judgment on movant's guilty plea, and sentenced her to 235 months imprisonment to be followed by five years supervised release. It ordered the sentence to run consecutively with a state sentence. Movant's appeal asserted only claims of ineffective assistance of counsel and was dismissed. *See United States v. Delbosque*, No. 06-10158, slip op. (5th Cir. Sept. 19, 2006).

On August 13, 2007, movant filed the instant motion to vacate through retained counsel. In her sole claim, she asserts that her plea was unknowing and involuntary because she was not competent to enter it. On October 23, 2007, the government filed a response in which it asserts that movant's claim is procedurally barred from federal habeas review. Movant has filed no reply.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

In addition, defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Id.* at 232. Even then, any new assertion of error is limited to

"issues of constitutional or jurisdictional magnitude." *Id.* The cause and prejudice test applies even to allegations of fundamental constitutional error. *Id.* The only exception to the application of the test is when a movant can establish a fundamental miscarriage of justice, *i.e.*, that he or she is actually innocent of the crime convicted. *Id.* Furthermore, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). In addition, a showing of ineffective assistance of counsel satisfies the cause and prejudice standard. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

Because movant pursued no appeal with respect to the claim raised in the instant motion to vacate, she must show cause for the omission and actual prejudice from the alleged error unless she can establish that she is actually innocent of the crime for which she was convicted. Movant does not allege that she is actually innocent. She raises no claim of ineffective assistance of counsel. Instead, she claims that her plea was involuntary because she was allegedly incompetent. Such claim of itself does not suffice to show cause for her failure to appeal that issue. In addition, movant fails to show prejudice from the asserted error because she has not shown that she was incompetent to plead guilty. Her claim is not supported by the record.

A court is required to order a hearing to determine the competency of a criminal defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18

U.S.C. § 4241(a). Three factors impact whether there is reasonable cause to believe a defendant is incompetent: (1) a history of irrational behavior; (2) the defendant's demeanor; and (3) a prior medical opinion on competency. *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995). Movant has shown no history of irrational behavior, identifies nothing about her demeanor during her various court appearances to raise a question of her competency, and provides no medical opinion regarding her competency.

Movant instead points to two statements made in court, a list of medications set forth in the Presentence Report prepared for sentencing purposes, and three affidavits from family members. At the February 17, 2005 hearing, Ms. Barbare stated that she had no concerns about movant's competency until after she saw movant on February 10, 2005, to discuss the retention of Mr. Finstrom. (Tr. Mot. Determine Counsel at 4, 8-9.) Ms. Barbare indicated that movant had been through some medical procedures and was placed on some medications, and she was apparently confused. (*Id.* at 8-10.) At rearraignment in June 2005, Mr. Finstrom stated:

> I have known her for a number of years. I think she has some severe memory problems, and at times I think she doesn't recall everything. I have talked and talked and talked and talked to her, and I'm satisfied that she's competent. I believe she understands why she's here and what she's doing and the consequences of her actions.

(Tr. Rearraignment at 8.) The affidavits from family members all state that movant "did not appear to be in possession of her faculties at the time of the plea." (*See* Affs. attached to Mot. Vacate.)

Neither the statements of counsel nor the affidavits from family members establish that movant was incompetent to plead guilty in June 2005. The list of medications in the Presentence Report likewise does not establish incompetency. At the February 2005 hearing, movant testified that she was only taking two medications – one for her thyroid condition and one for her nerves.

(Tr. Mot. Determine Counsel at 16-17.) Notably, Ms. Barbare filed no motion regarding movant's competency. (*Id.* at 10.) Movant, moreover, testified at the hearing that she had no trouble understanding the proceedings or the charges against her. (*Id.* at 11-12.) The Court specifically found her competent. (*Id.* at 15.) Movant testified at rearraignment that she understood the nature of the proceedings, why she was there, and the consequences of her actions. (Tr. Rearraignment at 7-8.) After questioning movant regarding the voluntariness of her plea, the District Court specifically found her "fully competent and capable of entering an informed plea." (*Id.* at 21.) In light of all of this evidence of record, movant has not shown that she was incompetent to plead guilty. She has thus demonstrated no prejudice from the alleged error. She has not overcome the procedural bar. The procedural default doctrine thus bars federal consideration of the claim raised in the instant motion to vacate.

## III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

SIGNED this 21st day of November, 2008.

                                                           IRMA CARRILLO RAMIREZ
                                                         UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                         IRMA CARRILLO RAMIREZ
                                                         UNITED STATES MAGISTRATE JUDGE